# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE, | Case No. 1:25-cv-00698-SKO (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION |
| v. | |
| JANINE WALLACE, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | [TWENTY-ONE DAY OBJECTION DEADLINE] |

Petitioner is a state civil committee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on June 9, 2025. Upon review of the petition, the Court finds that several grounds for relief are successive. In addition, certain grounds fail to present a cognizable claim. Therefore, the Court will recommend the petition be dismissed and Petitioner be directed to file an amended petition presenting non-successive and cognizable claims.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that

1

no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

A.	<u>Successive Petition</u>

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. <u>See</u> <u>Felker v. Turpin</u>, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. <u>Burton v. Stewart</u>, 549 U.S. 147, 152 (2007); <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001).

Here, several of Petitioner's claims challenge his 1994 conviction in Tuolumne County of lewd and lascivious acts with a minor under the age of fourteen: 1) In ground one, Petitioner alleges defense counsel was ineffective in failing to pursue certain defenses; 2) In ground three, Petitioner contends his conviction while mentally incompetent constituted cruel and unusual punishment; 3) In ground four, among other contentions, Petitioner claims the government failed to disclose certain evidence at trial; 4) In ground five, Petitioner contends he was denied his right to a meaningful first appeal; 5) In ground twelve, Petitioner claims his juvenile plea is invalid because he was never informed of the nature of the offense to which he was pleading; and 6) In ground

thirteen, Petitioner complains that the cumulative effect of multiple constitutional errors, including alleged trial errors, violated his due process rights.

Petitioner has previously sought federal habeas relief in this Court with respect to the 1994 conviction in Hazeltine v. Nelson, Case No. 1:01-cv-05854-REC-HGB. The petition was dismissed with prejudice for violating the statute of limitations. The Court finds that the aforementioned grounds in the instant petition are "second or successive" under 28 U.S.C. § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)"). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this Court has no jurisdiction to consider Petitioner's successive grounds for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

B.      Failure to Present Cognizable Claim

In ground nine, Petitioner takes issue with the Tuolumne County Superior Court's disposition of various motions. Petitioner is advised that it is not a federal habeas court's function to oversee state procedure. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings). Petitioner's attempt to transform his claim into a violation of federal constitutional rights by general, conclusory references to "federal due process" is unavailing. Langford, 110 F.3d at 1389 (a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"). Thus, the claim fails to present a cognizable federal ground for relief and must be dismissed.

**ORDER**

Accordingly, the Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition be

DISMISSED for presenting successive and noncognizable claims. The Court RECOMMENDS that Petitioner be directed to file an amended petition presenting only non-successive grounds for relief, *i.e.*, only those claims challenging his civil commitment.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:     **June 11, 2025**                         /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE

4