UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>    Petitioner,<br><br>    v.<br><br>JANINE WALLACE, Warden,<br><br>    Respondent. | No. 1:25-cv-00698-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND<br><br>Doc. 5 |

    Petitioner Rick Hazeltine is civilly committed under California's Sexually Violent Predators Act ("SVPA"), and he proceeds pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this action. Petitioner raises challenges relating to guilty pleas he made as a juvenile in the early 1980s, his 1994 criminal conviction for child molestation in violation of California Penal Code § 288(a), and his subsequent 1999 civil commitment under the SVPA. *See* Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On June 11, 2025, the assigned magistrate judge issued findings and recommendations recommending that the Court dismiss the petition as second or successive as petitioner brought a previous habeas petition asserting certain of the grounds in the present petition challenging his

1

1994 criminal conviction. Doc. 5. The findings and recommendations pointed out that "[p]etitioner has previously sought federal habeas relief in this Court with respect to the 1994 conviction in *Hazeltine v. Nelson*, Case No. 1:01-cv-05854-REC-HGB." *Id.* at 3. "The petition was dismissed with prejudice for violating the [one-year] statute of limitations" in 28 U.S.C. § 2244(d)(1). *Id.* The findings and recommendations also concluded that Ground Nine in the petition, which challenged petitioner's civil commitment, failed to state a claim. *See id.* Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. On June 30, 2025, petitioner filed objections to the findings and recommendations. Doc. 6.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. In his objections, petitioner contends the findings and recommendations incorrectly concluded that many of his claims were successive and unauthorized. Petitioner is correct with respect to Ground Twelve and, to a certain extent, Ground Thirteen.

The pivotal question here is whether petitioner's claims are "second or successive" within the meaning of 28 U.S.C. § 2244(b). "If an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court." *Magwood v. Peterson*, 561 U.S. 320, 330–31 (2010) (citing § 2244(b)(3)(A)). Thus, if petitioner's claims are "second or successive," they must be dismissed because petitioner did not obtain leave from the Ninth Circuit before filing this petition. *See id.*; *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (if a petitioner does not "receive[] authorization from the Court of Appeals before filing a 'second or successive' petition challenging his custody, [a district court is] without jurisdiction to entertain it").

The "phrase 'second or successive' [is] a 'term of art.'" *Magwood*, 561 U.S. at 332. Most importantly, a "petition can be deemed 'second or successive' under § 2244(b) only if it challenges the same state court judgment challenged in an earlier petition." *Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (citations omitted). Additionally, a "habeas petition is second or successive [] if it raises claims that were or could have been adjudicated on the merits" in a prior federal petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Woods v.*

2

*Carey,* 525 F.3d 886, 888 (9th Cir. 2008)).

Petitioner first notes that his prior federal habeas petition was dismissed as untimely, rather than on the merits, and argues that his current petition is therefore not second or successive within the meaning of § 2244(b). Petitioner is incorrect. "[D]ismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims." *Id.* (quoting *Murray v. Greiner,* 394 F.3d 78, 81 (2d Cir. 2005)). As such, "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA." *Id.*

Petitioner also argues that all his claims "are grounded in newly arising legal circumstances and factual predicates" and are thus not second or successive. Doc. 6 at 2. But a petition that challenges the same conviction as a prior petition is still "second or successive" regardless of whether the claim is based on new facts or evidence. Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A second or successive application is permitted only when the claim rests on a new rule of constitutional law made retroactive or when the claim rests on newly discovered evidence that could not have been discovered before with due diligence. 28 U.S.C. § 2244(b)(2). But whether the claims would be permitted because they are based on new facts or law has no bearing on whether they are "second or successive." *See id.*

Accordingly, all of petitioner's claims challenging his 1994 criminal conviction are "second or successive" and must be dismissed because petitioner did not seek leave from the Ninth Circuit prior to filing the present petition. This conclusion applies to Grounds One, Three, Four, Five, and Six.[1]

---

[1] In his objections, petitioner argues that Ground Five, which alleges that his right to a meaningful first appeal was violated, does not challenge the same judgment as the 1994 conviction. Petitioner is incorrect. A conviction and an appeal from that conviction form part of the same judgment, and his claim concerning that appeal "could have been adjudicated on the merits" in his prior federal petition. *McNabb,* 576 F.3d at 1029. That claim is therefore "second or successive" and must be dismissed.

The findings and recommendations also concluded that Grounds Twelve and Thirteen were second or successive claims. *See* Doc. 5 at 2–3. In Ground Twelve, petitioner challenges two guilty pleas he made as a juvenile, in or around 1981. *See* Doc. 1 at 51. There does not appear to be any connection between these guilty pleas and the 1994 conviction that was the subject of petitioner's prior federal habeas petition, and the claim at Ground Twelve is therefore not second or successive. In Ground Thirteen, petitioner argues that the cumulative effect of multiple constitutional errors denied him due process. Petitioner's claim at Ground Thirteen is second or successive only to the extent it alleges that constitutional violations resulting from his 1994 conviction contributed to the denial of due process.

Petitioner also argues in his objections that the findings and recommendations erred in recommending dismissal of Ground Nine for failure to state a claim. In Ground Nine, petitioner asserted that the Tuolumne County Superior Court's disposition of his many motions during his civil commitment proceedings violated his due process rights. He argues that "these failures constitute an abuse of discretion that mirrors the violations identified in *People v. Super. Ct.*, 94 Cal. App. 4th 980 (Cal. Ct. App. 2001)." Doc. 1 at 43. *People v. Super. Ct.* outlined certain state law procedures that could be employed in SVPA proceedings. 94 Cal. App. 4th at 988–996.

As correctly noted by the findings and recommendations, petitioner's allegations that the state courts failed to abide by state procedure do not sound in federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Merely placing a due process label on a claim that the state court erroneously denied various motions and petitions does not transform the claim into a federal one. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) (a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"). The petition does not contain any analysis of how these purported state law errors denied him due process.

With these considerations in mind, the Court adopts the findings and recommendations except as noted above as to Grounds Twelve and Thirteen. Petitioner's claims calling the 1994 conviction into question are successive, and petitioner has not received authorization from the Ninth Circuit to bring those successive claims. Further, his claim alleging the state court erroneously disposed of his motions and petitions do not rise to a federal constitutional violation.

      The petition will be dismissed, and petitioner will be granted leave to file a first amended petition. Petitioner is cautioned that he may only raise claims concerning the state court's determination to commit him under the SVPA and the guilty pleas he made as a juvenile.

      Accordingly,

1. The findings and recommendations issued on June 11, 2025, Doc. 5, are adopted in part;
2. The petition for writ of habeas corpus is dismissed with leave to amend;
3. Petitioner is granted thirty (30) days from the date of service of this order to file a first amended petition in accordance with this Order.

IT IS SO ORDERED.

    Dated:  July 21, 2025

UNITED STATES DISTRICT JUDGE

5