UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK HAZELTINE,<br><br>Petitioner,<br><br>v.<br><br>JANINE WALLACE, Warden,<br><br>Respondent. | No.  1:25-cv-00698-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING LEAVE TO FILE OVERSIZE OBJECTIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, TERMINATING OUTSTANDING MOTIONS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Docs. 25, 26, 27, 29 |

Petitioner Rick Hazeltine is a state detainee proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 20, 2026, the assigned magistrate judge issued findings and recommendations to deny the petition on its merits.  Doc. 27.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service.  On April 9, 2026, petitioner filed objections to the findings and recommendations, wherein petitioner provided overlapping foundational and specific objections.

1

Doc. 28.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of the case.  Having carefully reviewed the entire file, including petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

First, petitioner asserts that the findings and recommendation fail to address that "the state introduces [p]etitioner's prior conviction (or elements thereof) as material evidence of current pathology in ongoing [sexually violent predator (SVP)] proceedings, yet AEDPA's finality bar denies any opportunity–state or federal–to challenge its legitimacy, sufficiency, or reliability." Doc. 28 at 3.  Petitioner objects to the use of prior convictions "as material evidence of a mental disorder that was never proven at trial," but petitioner's challenge would be futile because the findings and recommendation conclude that even without the mental disorder diagnoses, "there would still be probable cause for his commitment based on the anti-social personality disorder diagnosis."  Docs. 27 at 7; 28 at 3.

Second, petitioner claims the magistrate judge erred "by treating antisocial personality disorder (ASPD) and alcohol dependence as qualifying 'mental disorders' under Welf. & Inst. Code § 6600 [when] the statute requires a diagnosed mental disorder that predisposes sexually violent acts and causes volitional impairment."  Doc. 28 at 4; *see also id.* at 12.  Petitioner highlights that Welf. & Inst. Code § 6600 does not mention personality disorders in defining mental disorders covered by the act.  *Id.* at 4, 12.  But petitioner does not meaningfully engage with the magistrate judge's reasoning that petitioner's arguments have repeatedly been found meritless under California law.  Doc. 27 at 7–8.  The Court reaffirms the magistrate judge's conclusion that the Court is bound by California court's finding that antisocial personality disorder alone can form the basis of an SVP commitment when the petitioner is considered a danger to the public because of the disorder.  *Id.*

Third, petitioner states the findings and recommendation "err by allowing the state to presume pedophilia or pedophilic disorder from [p]etitioner's child molestation conviction" because the criminal act and psychiatric disorder are not interchangeable.  Doc. 28 at 6.  But the

2

SVP commitment is not solely based on petitioner's conviction; it is also based on the factual finding that "[p]etitioner has been continually diagnosed with antisocial personality disorder." Doc. 27 at 8.  Accordingly, petitioner's argument is without merit.

Fourth, petitioner claims the magistrate judge violated his due process by misstating the record and failing to address petitioner's request for judicial notice and copies of the Marsden hearing transcript.  Doc. 28 at 8.  Petitioner does not identify what the magistrate judge allegedly misstated in the record, but claims "[t]he omission of these docketed materials and requests denies [p]etitioner meaningful opportunity to rebut disputed facts concerning futility of state remedies, absence of counsel, and access to the record."  *Id.* at 9.  But the hearing transcript record does not undermine the findings and recommendations.

The magistrate judge found petitioner's state remedies unexhausted because "he never raised a stand-alone due process claim before the state court."  Doc. 27 at 14.  Granting a writ of habeas corpus requires the applicant to totally exhaust the remedies available to them in state court.  *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  Further, the applicant must properly exhaust those remedies, i.e., he must have "fairly presented his claims to the state courts."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  Petitioner requests the Court take judicial notice of 27 exhibits that "demonstrate multiple attempts to seek relief in state court, yet none were docketed or resolved."  Doc. 28 at 8.  However, the state appellate court previously found that petitioner failed "to demonstrate having exhausted available legal remedies by providing the trial court with a complete medical record . . . ."  Doc. 9-1 at 129.  Petitioner does not claim or provide evidence of having supplied the state trial court with his complete medical record, and thus, has not exhausted his state court remedies.

Petitioner's objections that "the omission of these docketed materials and requests denies [p]etitioner meaningful opportunity to rebut disputed facts concerning the futility of . . . absence of counsel, and access to the record" are similarly without merit.  Doc. 28 at 9.  Petitioner cannot rebut disputed facts concerning the absence of counsel because there is no constitutional right to counsel in civil commitment proceedings.  *Turner v. Rogers*, 564 U.S. 431, 441 (2011).  Further, petitioner's objection to lacking record access does not meaningfully address the findings and

recommendation because petitioner's objection relates to whether the magistrate judge obstructed his due process, rather than the state court.  Doc. 28 at 8.

Fifth, petitioner objects to the findings and recommendation not addressing his state court motion to set aside the state court verdict, which petitioner attached as exhibit 26 to his request for judicial notice.  Doc. 19 at 205–212.  Petitioner claims that "this denial of state relief, combined with AEDPA's successive-petition bar, leaves [p]etitioner without meaningful access to challenge the conviction's nature or legitimacy."  Doc. 28 at 10.  But petitioner admits he has not yet exhausted his state court remedy because "[n]o ruling or hearing [has] occurred."  *Id.*

Sixth, petitioner objects to the magistrate judge's conclusion that petitioner must follow the procedures set forth in Cal. Welf. & Inst. Code §§ 6604.9, 6605, 6608 to challenge his commitment because petitioner is unable to pursue those avenues.  Petitioner asserts he does not have access to the "trial transcripts, minute orders, and other records" requested by the trial court in denying his § 6604.9 petition to claim that he is unable to adhere to the state procedures.  Doc. 28 at 14–15.  But petitioner does not address the state appellate court ruling that he failed "to demonstrate having exhausted available legal remedies by providing the trial court with a complete medical record . . . or by following the relevant procedures under [§ 6608]."  Doc. 9-1 at 129.  Unlike court records, petitioner would have access to his own medical records and has failed to exhaust the required state procedures.  Further, petitioner does not meaningfully engage the magistrate judge's findings related to redactions and instead restates previously discussed arguments from petitioner's objections.

Seventh, petitioner objects to the magistrate judge dismissing petitioner's claim regarding annual evaluation.  Petitioner asserts his claim is exhausted because he "raised the exact argument in a motion to Tuolumne County Superior Court," but petitioner confuses arguments raised within claims, with stand-alone due process claims.  Doc. 28 at 18.  The magistrate judge correctly notes that "[w]hile [p]etitioner has included the argument within his claims before the state court, he has never raised a stand-alone due process claim before the state court, as he does here."  Doc. 27 at 14.  Petitioner further restates previously discussed arguments from petitioner's objections.

Eighth, petitioner objects to the magistrate judge's reliance on *Lackawanna Cnty. Dist.*

4

*Attorney v. Coss*, 532 U.S. 394 (2001), in finding petitioner's claim barred from federal review, because *Coss* relates to criminal sentencing, not civil commitments.  Doc. 28 at 20.  But as explained by the magistrate judge, the Court "held that if a prior conviction is no longer open to federal review, the defendant cannot collaterally attack the prior conviction through a § 2254 conviction."  Doc. 27 at 15.  Thus, the relevant question is not whether the enhancement relates to a criminal sentence or civil commitment, but whether the prior conviction is open for federal review.  Petitioner does not allege that he is still serving the sentence imposed pursuant to his 1981–82 plea and therefore cannot bring a federal habeas petition based on that prior conviction.

Petitioner also objects to the magistrate judge's characterization of his ineffective assistance of counsel claim, review of the record, and rejection of petitioner's claim that the state took allegedly contradictory positions on his predicate offense.  Doc. 28 at 13, 16.  But petitioner does not meaningfully address the findings and recommendation relating to these claims.  Rather, petitioner restates arguments from his petition and earlier in his objections.  *Id.*

Lastly, petitioner objects to the magistrate judge not considering "the cumulative impact of multiple errors."  Doc. 28 at 22.  "Under traditional due process principles, cumulative error warrants habeas relief only where the errors have so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citation and quotation marks omitted).  "Such infection occurs where the combined effect of the errors had a substantial and injurious effect or influence on the jury's verdict."  *Id.* (citation and quotation marks omitted.)  Given the findings as to petitioner's underlying arguments, he has failed to show any such cumulative error.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Therefore, the Court declines to issue a certificate of appealability.

Petitioner has also filed a motion for preliminary injunction and motion for copy of a September 26, 2024, report's transcript.  Docs. 25, 26.  Petitioner requests a preliminary injunction preventing the destruction or confiscation of legal materials pending disposition of this case.  Doc. 25.  Insofar as the case is concluded with this order, the motion is denied as moot.  Petitioner also requests a copy of a transcript from a September 26, 2024, hearing in Tuolumne County Superior Court.  Doc. 26.  He contends the transcript is essential to his habeas petition.  The Court has determined that petitioner is not entitled to habeas relief.  Therefore, the request is also denied as moot.  Should petitioner desire a copy for his records, he should direct his request to the Tuolumne County Superior Court.

///

///

///

///

///

///

///

///

///

///

///

///

Accordingly,

1.    The findings and recommendations issued on March 20, 2026, Doc. 27, are adopted in full;

2.    Petitioner's motion for leave to file objections in excess of 15 pages, Doc. 29, is granted;

3.    The petition for writ of habeas corpus is denied with prejudice;

4.    The Clerk of Court is directed to terminate outstanding motions, Docs. 24, 25, enter judgment, and close the case; and

5.    The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    June 29, 2026

_____
UNITED STATES DISTRICT JUDGE

7