UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICK HAZELTINE,

Petitioner,

v.

JANINE WALLACE, Warden,

Respondent.

Case No.: 1:25-cv-00698-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

(Doc. 36)

14-Day Objection Period

Petitioner Rick Hazeltine is appearing pro se in this now closed habeas corpus action pursuant to 28 U.S.C. section 2254.

## I. INTRODUCTION

On June 9, 2025, Petitioner filed a petition for writ of habeas corpus (Doc. 1) and paid the filing fee for this action (receipt number 1000005389).

On June 30, 2026, the Court issued its Order Adopting Findings and Recommendations, Granting Leave to File Oversize Objections, Denying Petition for Writ of Habeas Corpus with Prejudice, Declining to Issue Certificate of Appealability, Terminating Outstanding Motions, and Directing Clerk to Enter Judgment and Close Case. (Doc. 32.) Judgment was entered that same date. (Doc. 33.)

On July 16, 2026, Petitioner filed a notice of appeal. (Doc. 34.)

On July 30, 2026, Petitioner filed a motion to proceed *in forma pauperis* on appeal. (Doc. 36.)

**II. DISCUSSION**

Rule 24(a) of the Federal Rules of Appellate Procedure provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court with an attached affidavit that shows "in detail" the party's inability to pay, claims an entitlement to redress, and states the issues the party intends to present on appeal. *See* Fed. R. App. P. 24(a)(1). If a party was permitted to proceed *in forma pauperis* in the district court action, that party generally may proceed on appeal without further authorization if the appeal is taken in good faith. Fed. R. App. P. 24(a)(3). Since Petitioner did not file his petition *in forma pauperis* and instead paid the filing fee,[1] he must make the requisite showing under Rule 24 to proceed *in forma pauperis* on appeal.

Petitioner's *in forma pauperis* affidavit does not state either his claims or the issues he intends to present on appeal, as required by Rule 24(a). (*See* Doc. 36.) Instead, the application only details Petitioner's inability to pay the filing fee; he fails to claim entitlement to redress or to state the issues he intends to present on appeal. (*Id*.) Despite Petitioner's inability to pay the filing fee, he has failed to comply with the other requirements of Rule 24(a). Thus, his motion should be denied.

**III. CONCLUSION AND RECOMMENDATION**

Accordingly, the undersigned **HEREBY RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* on appeal (Doc. 36) be **DENIED**. Should these recommendations be adopted by the assigned district judge, the Clerk of the Court is directed to notify the United States Court of Appeals for the Ninth Circuit that this Court certifies, pursuant to Federal Rule of Appellate Procedure 24(a)(1), that Petitioner's application to proceed *in forma pauperis* has been denied and he must therefore seek further authorization from the Court of Appeals pursuant to

---

[1] Petitioner claims he "was previously granted in forma pauperis status in Eastern District of California Case No. 1:24-cv-01204-GSA (PC)." (Doc. 36 at 2.) But whether Petitioner was granted *in forma pauperis* status in another action, filed pursuant to 42 U.S.C. section 1983, is not relevant in this action.

Federal Rule of Appellate Procedure Rule 24(a)(5) to obtain leave to proceed *in forma pauperis. See* Fed. R. App. P. 24 Notes of Advisory Committee on Rules – 1967.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 11, 2026**

UNITED STATES MAGISTRATE JUDGE